IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| JUST ENERGY GROUP INC., *et al.*, | ) ) | Case No. 21-30823 (MI) |
| Debtors in a Foreign Proceeding,[1] | ) ) ) | (Joint Administration Requested) |

**ORDER GRANTING PETITION FOR (I) RECOGNITION AS FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the form petitions filed concurrently therewith, the "Verified Petition"),[2] filed by the Foreign Representative as the "foreign representative" of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105(a), 1504, 1507, 1510, 1515, 1517, 1520, 1521, and 1522 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order (i) granting recognition of the Canadian Proceeding as a "foreign main proceeding," pursuant to chapter 15 of the Bankruptcy Code; (ii) granting recognition of the Authorized Representative and Foreign Representatives as the "foreign representatives," as defined in section 101(24) of the Bankruptcy Code with respect to

---

[1] The identifying four digits of Debtor Just Energy Group Inc.'s local Canada tax identification number are 0469. Due to the large number of debtor entities in these chapter 15 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at www.omniagentsolutions.com/justenergy. The location of the Debtors' service address for purposes of these chapter 15 cases is: 100 King Street West, Suite 2360, Toronto, ON, M5X 1E1.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

the Canadian Proceeding; (iii) recognizing, granting comity to, and giving full force and effect in the United States to the Canadian Proceeding and the CCAA Order; (iv) enjoining parties from taking any action that is otherwise inconsistent with the CCAA Order; and (v) granting such other relief as the Court deems just and proper, all as more fully set forth in the Verified Petitions; and this Court having held a hearing to consider the relief requested in the Verified Petitions (the "Hearing"); and upon the Carter Declaration and the Wasserman Declaration; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT:

1. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

5. The Debtors have have their domicile, principal place of business, and/or property in the United States, and the Debtors are each eligible to be a debtor in a chapter 15 case pursuant to, as applicable, 11 U.S.C. §§ 109 and 1501.

6. This case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

7. The Foreign Representative is a duly authorized "foreign representative" as such term is defined in 11 U.S.C. § 101(24) and the Authorized Representative is duly authorized to act on its behalf.

8. The Foreign Representative has satisfied the requirements of 11 U.S.C. § 1515 and Bankruptcy Rule 1007(a)(4).

9. The Canadian Proceeding is a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23).

10. The Canadian Proceeding is pending before the Canadian Court in Canada, where the Debtors have their "center of main interests" as referred to in 11 U.S.C. § 1517(b)(1) and, as such, the Canadian Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4) and 1517(b)(1).

11. The Canadian Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. §§ 1515 and 1517(a).

12. The Debtors and Authorized Representative are entitled to all of the relief set forth in 11 U.S.C. §§ 1507, 1519, 1520, and 1521(a)(4) and (5), without limitation.

13. The relief granted hereby is necessary and appropriate to effectuate the objectives of chapter 15 of the Bankruptcy Code to protect the Debtors and the interests of their creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

14. Absent the requested relief, the efforts of the Debtors, the Canadian Court, and the Authorized Representative in conducting the Canadian Proceeding and effectuating the restructuring and Canadian law may be frustrated, a result contrary to the purposes of chapter 15 of the Bankruptcy Code.

15. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Canadian Proceeding, (iii) confers material benefits on, and is in the best interests of, the Debtors, their creditors, and their parties in interest,

including, without limitation, and other stakeholders, (iv) is critical and integral to the overall objectives of the recapitalization , and (v) meets the legal and factual requirements for issuing an injunction.

16. Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Verified Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

17. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and their interests of its creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted.  Absent the requested relief, the efforts of the Debtors and the Foreign Representative in conducting the Canadian Proceeding may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15.

18. All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

19. The Canadian Proceeding is granted recognition as a foreign main proceeding as defined in 11 U.S.C. § 101(23) pursuant to 11 U.S.C. § 1517(a).

20. The Canadian Proceeding is a collective, court-supervised proceeding governed in accordance with applicable Canadian law, as it may be amended from time to time, and is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1) and is

entitled to the protections of 11 U.S.C. § 1520(a), including, without limitation, the application of the protection afforded by the automatic stay under 11 U.S.C. § 362 to the Debtors and to the Debtors' property that is within the territorial jurisdiction of the United States.

21. The CCAA Final Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court are hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States, including without limitation staying the commencement of continuation of any actions against the Debtors or its assets (except as otherwise expressly provided herein or therein), and the CCAA Final Order is binding upon (and enforceable against) all creditors, lenders, parties to contracts or leases with any Debtor, governmental units, Persons (as defined in section 101 (41) of the Bankruptcy Code), parties in interest and regulatory bodies and agencies (collectively, the "U.S. Chapter 15 Parties").  All Chapter 15 Parties are hereby prohibited from interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, interfering with the Debtors' operations or assets or Debtors' efforts to administer and implement the Canadian Proceedings.

22. All objections, if any, to the Verified Petition or the relief requested therein that has not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

23. Upon entry of this Order, the Canadian Proceedings and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States and, pursuant to section 1520 of the Bankruptcy Code, among other things:

    a.    section 362 of the Bankruptcy Code shall apply with respect to the Debtors and the Debtors' property that is within the territorial jurisdiction

of the U.S.  For the avoidance of doubt and without limiting the generality of the foregoing, the Order shall impose a stay within the territorial jurisdiction of the U.S. of:

(i) the commencement or continuation, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to transfer, assign, or exercise any control over the Debtors' assets located in the U.S., particularly including the Debtors' retail electricity contracts and customers located in the territorial U.S., except as authorized by the Debtors in writing and in their sole discretion;

(ii) except as permitted in the CCAA Final Order, the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the U.S. or from transferring, encumbering, or otherwise disposing of or interfering with the Debtors' assets or agreements in the U.S. without the express written consent of the Foreign Representative, after notice and hearing in conformance with this Court's procedures and rules;

(iii) any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Debtors' chapter 15 case; and

(iv) the setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 15 case against any claim of the Debtors.

b. the Debtors are authorized to comply with the terms of the CCAA Final Order without further order of this Court;

c. section 365(e) of the Bankruptcy Code shall apply with respect to the Debtors' executory contracts and unexpired leases such that, notwithstanding any provision in any such contract or lease or under applicable law, no executory contract or unexpired lease with any of the Debtors may be terminated, cancelled, or modified (and any rights or obligations in such leases or contracts cannot be terminated or modified) solely because of a provision in any contract or lease of the kind described in sections 365(e)(1)(A), (B), or (C) of the Bankruptcy Code, and all contract and lease counterparties located within the United States shall be prohibited from taking any steps to terminate, modify, or cancel any contracts or leases with the Debtors arising from or relating in any way to any so-called "ipso facto" or similar clauses; *provided* that this Order does

        not impair or affect the rights of any person under sections 559 through 561 of the Bankruptcy Code, subject to the terms of the CCAA Order;

    d.    the Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a) and 1521 of the Bankruptcy Code;

    e.    without further order of this court, no U.S. Chapter 15 Party may file an involuntary petition or similar relief against one or all of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code;

    f.    effective upon entry of this Order, section 525 of the Bankruptcy Code shall be in full force and effect in these chapter 15 cases and with respect to each of the Debtors, and this Court shall retain exclusive jurisdiction to hear any purported violations thereof, which requests may be brought by way of an expedited emergency motion; and

    g.    any and all landlords or other parties with a lease of premises to the Debtors located within the United States are hereby prohibited from: taking any steps to cancel, terminate, or modify any lease for any reason, including non-payment of rent and/or due to any ipso facto clause described by section 365(e)(1) of the Bankruptcy Code; enforcing any "landlord lien", possessory lien or similar lien against any property of the Debtor; changing the locks or codes on any of the Debtors' premises; or commencing or continuing any eviction or similar proceedings.

24.    Michael Carter and Just Energy Group Inc. are the duly authorized representatives of the Foreign Representative within the meaning of 11 U.S.C. § 101(24), is authorized to act on their behalf in these Chapter 15 Cases, and is established as the duly-authorized representative of the Debtors in the United States.

25.    The Foreign Representative and the Debtor shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code and, accordingly, the Foreign Representative:

    a.    is entrusted with the administration or realization of all or part of the Debtor's assets located in the United States; and

7

  b. has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities.

26. All persons and entities subject to the jurisdiction of the United States are permanently enjoined and restrained from taking any actions inconsistent with the CCAA Final Order or any documents connected or related thereto, or interfering with the enforcement and implementation of the CCAA Final Order.

27. All parties who believe they have a claim against any of the Debtors are obligated to file such claims in, and only in, the Canadian Proceeding.

28. The Authorized Representative, the Foreign Representatives, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules or orders of this Court.

29. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, these chapter 15 cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of the rights or benefits afforded to such persons under 11 U.S.C. §§ 306 and 1510.

30. The Authorized Representative and Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted by this Order.

31. This Order is without prejudice to the Authorized Representative or Foreign Representatives requesting any additional relief in the chapter 15 cases, including seeking recognition and enforcement by this Court of any further orders issued by the Canadian Court.

32. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

33. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

34. In accordance with the CCAA Final Order, the Foreign Representative and the Debtors, as applicable, are authorized to pay or remit (a) any taxes (including, without limitation, sales, use, withholding, unemployment, and excise) the nonpayment of which by any Just Energy entity could result in a responsible person associated with a Just Energy entity being held personally liable for such nonpayment and (b) taxes related to income or operations incurred or collected by a Just Energy entity in the ordinary course of business.

Houston, Texas
Dated: _____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE