**EXHIBIT D**

**CCAA Order**

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS *9TH* DAY OF *MARCH* 20 *21*
FAIT A TORONTO LE                JOUR DE

REGISTRAR / GREFFIER

Court File No. CV-21-00658423-00CL

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | TUESDAY, THE 9TH |
| | ) | |
| JUSTICE KOEHNEN | ) | DAY OF MARCH, 2021 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **JUST ENERGY GROUP INC.**, JUST ENERGY CORP., ONTARIO ENERGY COMMODITIES INC., UNIVERSAL ENERGY CORPORATION, JUST ENERGY FINANCE CANADA ULC, HUDSON ENERGY CANADA CORP., JUST MANAGEMENT CORP., JUST ENERGY FINANCE HOLDING INC., 11929747 CANADA INC., 12175592 CANADA INC., JE SERVICES HOLDCO I INC., JE SERVICES HOLDCO II INC., 8704104 CANADA INC., JUST ENERGY ADVANCED SOLUTIONS CORP., JUST ENERGY (U.S.) CORP., JUST ENERGY ILLINOIS CORP., JUST ENERGY INDIANA CORP., JUST ENERGY MASSACHUSETTS CORP., JUST ENERGY NEW YORK CORP., JUST ENERGY TEXAS I CORP., JUST ENERGY, LLC, JUST ENERGY PENNSYLVANIA CORP., JUST ENERGY MICHIGAN CORP., JUST ENERGY SOLUTIONS INC., HUDSON ENERGY SERVICES LLC, HUDSON ENERGY CORP., INTERACTIVE ENERGY GROUP LLC, HUDSON PARENT HOLDINGS LLC, DRAG MARKETING LLC, JUST ENERGY ADVANCED SOLUTIONS LLC, FULCRUM RETAIL ENERGY LLC, FULCRUM RETAIL HOLDINGS LLC, TARA ENERGY, LLC, JUST ENERGY MARKETING CORP., JUST ENERGY CONNECTICUT CORP., JUST ENERGY LIMITED, JUST SOLAR HOLDINGS CORP. AND JUST ENERGY (FINANCE) HUNGARY ZRT.

(each, an "**Applicant**", and collectively, the "**Applicants**")

**INITIAL ORDER**

**THIS APPLICATION**, made by the Applicants, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), was heard this day by judicial videoconference via Zoom in Toronto, Ontario due to the COVID-19 pandemic.

**ON READING** the affidavit of Michael Carter sworn March 9, 2021 and the Exhibits thereto (the "**Carter Affidavit**"), the pre-filing report of the proposed monitor,  FTI Consulting

I HEREBY CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS _9TH_ DAY OF _MARCH_ 20 _21_
FAIT À TORONTO LE,

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

REGISTRAR
GREFFIER

2

Canada Inc. ("**FTI**"), dated March 9, 2021  (the "**Pre-Filing Report**"), and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicants and the partnerships listed in Schedule "A" hereto (the "**JE Partnerships**", and collectively with the Applicants, the "**Just Energy Entities**"), FTI, Alter Domus (US) LLC (the "**DIP Agent**"), as administrative agent for the lenders (the "**DIP Lenders**") under the DIP Term Sheet (as defined below) and such other counsel who were present, and on reading the consent of FTI to act as the monitor (the "**Monitor**"),

## SERVICE

1.      **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

## DEFINED TERMS

2.      **THIS COURT ORDERS** that capitalized terms that are used in this Order shall have the meanings ascribed to them in Schedule "B" hereto or the Carter Affidavit, as applicable, if they are not otherwise defined herein.

## APPLICATION

3.      **THIS COURT ORDERS AND DECLARES** that the Applicants are companies to which the CCAA applies. Although not Applicants, the JE Partnerships shall enjoy the benefits of the protections and authorizations provided by this Order.

## POSSESSION OF PROPERTY AND OPERATIONS

4.      **THIS COURT ORDERS** that the Just Energy Entities shall remain in possession and control of their respective current and future assets, licenses, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to further Order of this Court, the Just Energy Entities shall continue to carry on business in a manner consistent with the preservation of their business (the "**Business**") and Property. The Just Energy Entities shall each be authorized and empowered to continue to retain and employ the employees, contractors, staffing agencies, consultants, agents, experts, accountants, counsel and

such other persons (collectively "**Assistants**") currently retained or employed by them, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

5.     **THIS COURT ORDERS** that:

(a)     the Just Energy Entities shall be entitled to continue to utilize the central cash management system currently in place as described in the Carter Affidavit or, with the consent of the DIP Agent, replace it with another substantially similar central cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management System (a "**Cash Management Bank**") shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Just Energy Entities of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Just Energy Entities, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under any  plan of compromise or arrangement with regard to Cash Management Obligations. All present and future indebtedness, liabilities and obligations of any and every kind, nature or description whatsoever to a Cash Management Bank under, in connection with, relating to or with respect to any and all agreements evidencing treasury facilities and cash management products (including, for greater certainty, all pre-authorized debit banking services, electronic funds transfer services and overdraft balances) provided by a Cash Management Bank to any Just Energy Entity, and any unpaid balance thereof, are collectively referred to herein as the "**Cash Management Obligations**";

(b)     during the Stay Period (as defined below), no Cash Management Bank shall, without leave of this Court: (i) exercise any sweep remedy under any applicable documentation (provided, for greater certainty, that the cash pooling and zero-balancing account services provided with respect to the JPMorgan accounts held by the U.S. Bank

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE
DATED AT TORONTO THIS _____ DAY OF _____ 20 __
REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU
FAIT À TORONTO LE _____ JOUR DE _____
GREFFIER

4

Account Holders (as defined in the Carter Affidavit) may continue in the ordinary course); or (ii) exercise or claim any right of set-off against any account included in the Cash Management System;

(c)  any of the Cash Management Banks may rely on the representations of the applicable Just Energy Entities with respect to whether any cheques or other payment order drawn or issued by the applicable Just Energy Entity prior to the date of this Order should be honoured pursuant to this or any other order of this Court, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the applicable Just Energy Entities as provided for herein; and

(d)  (i) those certain existing deposit agreements between the Just Energy Entities and the Cash Management Banks shall continue to govern the post-filing cash management relationship between the Just Energy Entities and the Cash Management Banks, and that all of the provisions of such agreements shall remain in full force and effect, (ii) either any of the Just Energy Entities, with the consent of the Monitor, the DIP Agent and the Cash Management Banks may, without further Order of this Court, implement changes to the Cash Management System and procedures in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts, and (iii) all control agreements in existence prior to the date of this Order shall apply.

6.  **THIS COURT ORDERS** that, except as specifically permitted herein, the Just Energy Entities are hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by any of the Just Energy Entities to any of their respective creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of the Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business; provided, however, that the Just Energy Entities, until further order of this Court, are hereby permitted, subject to the terms of the Definitive Documents: (i) to reimburse the reasonable documented fees and disbursements of legal counsel and one financial advisor to the agent under the Credit Agreement, whether incurred before or after the date of this Order; (ii) to pay all non-default interest and fees to the agent and the lenders under the Credit Agreement in accordance with its terms; and (iii) to repay advances under the Credit

Agreement for the purpose of creating availability under the Revolving Facilities in order for the Just Energy Entities to request the issuance of Letters of Credit under the Revolving Facilities to continue to operate the Business in the ordinary course during these proceedings, subject to: (A) obtaining the consent of the Monitor with respect to the issuance of the Letters of Credit under the Revolving Facilities; and (B) receipt of written confirmation from the applicable lender(s) under the Credit Agreement that such lender(s) will issue a Letter of Credit of equal value within one (1) Business Day thereafter. Capitalized terms used but not otherwise defined in this paragraph shall have the meanings ascribed thereto in the Credit Agreement.

7.    **THIS COURT ORDERS** that, subject to the terms of the Definitive Documents (as hereinafter defined), the Just Energy Entities shall be entitled but not required to pay the following amounts whether incurred prior to, on or after the date of this Order:

(a)    all outstanding and future wages, salaries, commissions, employee benefits, contributions in respect of retirement or other benefit arrangements, vacation pay and expenses payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements;

(b)    all outstanding and future amounts owing to or in respect of other workers providing services in connection with the Business and payable on or after the date of this Order, incurred in the ordinary course of business and consistent with existing arrangements;

(c)    the fees and disbursements of any Assistants retained or employed by the Just Energy Entities in respect of these proceedings at their standard rates and charges, which, in the case of the Financial Advisor (as defined below) shall be the amounts payable in accordance with the Financial Advisor Agreement (as defined below);

(d)    with the consent of the Monitor in consultation with the agent under the Credit Agreement (or its advisors), amounts owing for goods or services actually provided to any of the Just Energy Entities prior to the date of this Order by third parties, if, in the opinion of the Just Energy Entities, such third party is critical to the Business and ongoing operations of the Just Energy Entities;

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS _____ DAY OF _MARCH_ 20_21_
FAIT A TORONTO LE

REGISTRAR

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

JOUR DE

GREFFIER

6

(e)     any taxes (including, without limitation, sales, use, withholding, unemployment, and excise) not covered by paragraph 9 of this Order, and whereby the nonpayment of which by any Just Energy Entity could result in a responsible person associated with a Just Energy Entity being held personally liable for such nonpayment; and

(f)     taxes related to revenue, State income or operations incurred or collected by a Just Energy Entity in the ordinary course of business.

8.     **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein and subject to the terms of the Definitive Documents, the Just Energy Entities shall be entitled but not required to pay all reasonable expenses incurred by the Just Energy Entities in carrying on the Business in the ordinary course after this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)     all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors and officers' insurance), maintenance and security services; and

(b)     payment for goods or services actually supplied to the Just Energy Entities following the date of this Order.

9.     **THIS COURT ORDERS** that the Just Energy Entities shall remit, in accordance with legal requirements, or pay:

(a)     any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, and (iv) income taxes;

(b)     all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Just Energy Entities in connection with the sale of goods and services by the Just Energy Entities, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected

I HEREBY ATTEST THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

JE CERTIFIE PAR LA PRÉSENTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS _____ DAY OF _MARCH_ 20_21_
FAIT A TORONTO LE _____ JOUR DE

REGISTRAR                                    GREFFIER

collected prior to the date of this Order but not required to be remitted until on or after the date of this Order; and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Just Energy Entities.

**RESTRUCTURING**

10.     **THIS COURT ORDERS** that the Just Energy Entities shall, subject to such requirements as are imposed by the CCAA and subject to the terms of the Definitive Documents, have the right to:

(a)     permanently or temporarily cease, downsize or shut down any of their Business or operations; and

(b)     pursue all avenues of refinancing, restructuring, selling and reorganizing the Business or Property, in whole or part, subject to prior approval of this Court being obtained before any material refinancing, restructuring, sale or reorganization,

all of the foregoing to permit the Just Energy Entities to proceed with an orderly restructuring of the Just Energy Entities and/or the Business (the "**Restructuring**").

**NO PROCEEDINGS AGAINST THE JUST ENERGY ENTITIES, THE BUSINESS OR THE PROPERTY**

11.     **THIS COURT ORDERS** that until and including March 19, 2021 or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process before any court, tribunal, agency or other legal or, subject to paragraph 12, regulatory body (each, a "**Proceeding**") shall be commenced or continued against or in respect of any of the Just Energy Entities or the Monitor or their respective employees and representatives acting in such capacities, or affecting the Business or the Property, except with the prior written consent of the Just Energy Entities and

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPERIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS          DAY OF              20
FAIT A TORONTO LE                  JOUR DE

8

the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Just Energy Entities or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

## NO EXERCISE OF RIGHTS OR REMEDIES

12.     **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, organization, governmental unit, body or agency, foreign regulatory body or agency or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Just Energy Entities or the Monitor, or their respective employees and representatives acting in such capacities, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Just Energy Entities and the Monitor, or leave of this Court, provided that nothing in this Order shall: (i) empower the Just Energy Entities to carry on any business which the Just Energy Entities are not lawfully entitled to carry on, (ii) subject to paragraph 13, affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

13.     **THIS COURT ORDERS** that notwithstanding Section 11.1 of the CCAA, all rights and remedies of provincial energy regulators and provincial regulators of consumer sales that have authority with respect to energy sales against or in respect of the Just Energy Entities or their respective employees and representatives acting in such capacities, or affecting the Business or the Property, are hereby stayed and suspended during the Stay Period except with the written consent of the Just Energy Entities and the Monitor, or leave of this Court on notice to the Service List.

## NO INTERFERENCE WITH RIGHTS

14.     **THIS COURT ORDERS** that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Just Energy Entities except with the written consent of the Just Energy Entities and the Monitor, leave of this Court or as permitted under any Commodity ISO/Supplier Support Agreement.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DON'T CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS      DAY OF   MARCH   20 21
FAIT À TORONTO LE      JOUR BE

REGISTRAR                                    GREFFIER

9

## CONTINUATION OF SERVICES

15.     **THIS COURT ORDERS** that during the Stay Period, except as permitted under any Commodity ISO/Supplier Support Agreement, all Persons having oral or written agreements with any Just Energy Entity or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Just Energy Entities or the Business, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Just Energy Entities, and that the Just Energy Entities shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case, that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Just Energy Entities in accordance with normal payment practices of the Just Energy Entities or such other practices as may be agreed upon by the supplier or service provider and the applicable Just Energy Entity and the Monitor, or as may be ordered by this Court.

## NON-DEROGATION OF RIGHTS

16.     **THIS COURT ORDERS** that, subject to paragraph 20 but notwithstanding any other paragraphs of this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to any of the Just Energy Entities. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

## COMMODITY SUPPLIERS

17.     **THIS COURT ORDERS** that each Qualified Commodity/ISO Supplier shall be entitled to the benefit of and is hereby granted a charge (together, the "**Priority Commodity/ISO Charge**") on the Property in an amount equal to the value of the Priority Commodity/ISO Obligations. The value of the Priority Commodity/ISO Obligations shall be determined in accordance with the terms of the existing agreements or arrangements between the applicable Just

10

Energy Entity and the Qualified Commodity/ISO Supplier or, in the event of any dispute, by the Court. The Priority Commodity/ISO Charge shall have the priority set out in paragraphs 43-45 herein.

18.     **THIS COURT ORDERS** that the Commodity/ISO Supplier Support Agreements are hereby ratified, approved and deemed to be Qualified Support Agreements.

19.     **THIS COURT ORDERS** that the Just Energy Entities are hereby authorized and empowered to execute and deliver Qualified Support Agreements with any counterparty to a Commodity Agreement.

20.     **THIS COURT ORDERS** that upon the occurrence of an event of default under a Qualified Support Agreement, the applicable Qualified Commodity/ISO Supplier may exercise the rights and remedies available to it under its Qualified Support Agreement, or upon five (5) days' notice to the Just Energy Entities, the Monitor and the Service List, may apply to this Court to seek the Court's authorization to exercise any and all of its other rights and remedies against the Just Energy Entities or the Property under or pursuant to its Commodity Agreement or ISO Agreement and the Priority Commodity/ISO Charge, including without limitation, for the appointment of a receiver, receiver and manager or interim receiver, or for a bankruptcy order against the Just Energy Entities and for the appointment of a trustee in bankruptcy of the Just Energy Entities.

21.     **THIS COURT ORDERS** that the Monitor shall provide a report on the value of the Priority Commodity/ISO Obligations as of the last day of each calendar month by posting such report on the Monitor's Website (as defined below) within three (3) Business Days of such calendar month end.

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

22.     **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Just Energy Entities with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Just Energy Entities whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Just Energy Entities, if one

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS ____ DAY OF _MARCH_ 20_21_
FAIT A TORONTO LE ____ JOUR DE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

11

filed, is sanctioned by this Court or is refused by the creditors of the Just Energy Entities or this Court.

**DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE**

23.    **THIS COURT ORDERS** that each of the Just Energy Entities shall jointly and severally indemnify their respective directors and officers against obligations and liabilities that they may incur as directors or officers of the Just Energy Entities after the commencement of the within proceedings, except to the extent that, with respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

24.    **THIS COURT ORDERS** that the directors and officers of the Just Energy Entities shall be entitled to the benefit of and are hereby granted a charge (the **"Directors' Charge"**) on the Property, which charge shall not exceed an aggregate amount of C$30,000,000, as security for the indemnity provided in paragraph 23 of this Order. The Directors' Charge shall have the priority set out in paragraphs 43-45 herein.

25.    **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (i) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (ii) the Just Energy Entities' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 23.

**APPOINTMENT OF MONITOR**

26.    **THIS COURT ORDERS** that FTI is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Just Energy Entities with the powers and obligations set out in the CCAA or set forth herein and that the Just Energy Entities and their shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Just Energy Entities pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS ___ DAY OF MARCH ___ 20__
FAIT A TORONTO LE ___ JOUR DE ___

REGISTRAR                                    GREFFIER

12

27.   **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)   monitor the Just Energy Entities' receipts and disbursements;

(b)   report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(c)   assist the Just Energy Entities, to the extent required by the Just Energy Entities, in their dissemination to the DIP Agent, the DIP Lenders and their counsel of financial and other information in accordance with the Definitive Documents;

(d)   advise the Just Energy Entities in their preparation of the Just Energy Entities' cash flow statements and reporting required by the DIP Agent and DIP Lenders, which information shall be reviewed with the Monitor and delivered to the DIP Agent and DIP Lenders and their counsel in accordance with the Definitive Documents;

(e)   have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Just Energy Entities, wherever located and to the extent that is necessary to adequately assess the Just Energy Entities' business and financial affairs or to perform its duties arising under this Order;

(f)   be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order; and

(g)   perform such other duties as are required by this Order or by this Court from time to time.

28.   **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF THIS DOCUMENT, IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS ___ DAY OF _MARCH_ 20 _21_.

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

FAIT A TORONTO LE ___ JOUR DE ___

REGISTRAR                                   GREFFIER

29.     **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

30.     **THIS COURT ORDERS** that the Monitor shall provide any creditor of the Just Energy Entities and the DIP Agent and the DIP Lenders with information provided by the Just Energy Entities in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Just Energy Entities is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicant may agree.

31.     **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

32.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor (including both U.S. and Canadian counsel for all purposes of this Order), and counsel to the Just Energy Entities (including both U.S. and Canadian counsel for all purposes of this Order) shall be paid their

THIS IS TO CERTIFY THAT THIS
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO. IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS
FAIT A TORONTO LE                DAY OF    MARCH    20  21
                                JOUR DE

REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

14

reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to, on, or subsequent to the date of this Order, by the Just Energy Entities as part of the costs of these proceedings. The Just Energy Entities are hereby authorized and directed to pay the accounts of the Monitor, counsel to the Monitor, and the Just Energy Entities' counsel on a weekly basis.

33.     **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

**ADMINISTRATION CHARGE**

34.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor and counsel to the Just Energy Entities shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of C$2,200,000 as security for their professional fees and disbursements incurred at their standard rates and charges, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 43-45 herein.

**DIP FINANCING**

35.     **THIS COURT ORDERS** that the Just Energy Entities are hereby authorized and empowered to obtain and borrow or guarantee, as applicable, pursuant a credit facility from the DIP Agent and the DIP Lenders in order to finance the Just Energy Entities' working capital requirements and other general corporate purposes, all in accordance with the Cash Flow Statements (as defined in the DIP Term Sheet, which term is defined below) and Definitive Documents, provided that borrowings under such credit facility shall not exceed US$125,000,000 unless permitted by further Order of this Court.

36.     **THIS COURT ORDERS** that such credit facility shall be on the terms and subject to the conditions set forth in the CCAA Interim Debtor-in-Possession Financing Term Sheet between the Just Energy Entities, the DIP Agent and the DIP Lenders dated as of March 9, 2021 and attached as Appendix "DD" to the Carter Affidavit (as may be amended or amended and restated from time to time, the "**DIP Term Sheet**").

DOCUMENT. EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO. IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 9TH DAY OF MARCH 20 21
FAIT A TORONTO LE ___ JOUR DE ___

REGISTRAR                                    GREFFIER

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

15

37.    **THIS COURT ORDERS** that the Just Energy Entities are hereby authorized and empowered to execute and deliver such mortgages, charges, hypothecs and security documents, guarantees and other definitive documents (collectively with the DIP Term Sheet and the Cash Flow Statements, the "**Definitive Documents**"), as are contemplated by the DIP Term Sheet or as may be reasonably required by the DIP Agent and the DIP Lenders pursuant to the terms thereof, and the Just Energy Entities are hereby authorized and directed to pay and perform all of the indebtedness, interest, fees, liabilities and obligations to the DIP Agent and the DIP Lenders under and pursuant to the Definitive Documents as and when the same become due and are to be performed, notwithstanding any other provision of this Order. Notwithstanding any other provision in this Order, all payments and other expenditures to be made by any of the Just Energy Entities to any Person (except the Monitor and its counsel) shall be in accordance with the terms of the Definitive Documents, including in respect of payments in satisfaction of Priority Commodity/ISO Obligations.

38.    **THIS COURT ORDERS** that the DIP Agent and the DIP Lenders shall be entitled to the benefit of and are hereby granted a charge (the "**DIP Lenders' Charge**") on the Property, which DIP Lenders' Charge shall not secure an obligation that exists before this Order is made.  The DIP Lenders' Charge shall have the priority set out in paragraphs  43-45 hereof.

39.    **THIS COURT ORDERS** that, notwithstanding any other provision of this Order:

(a)    the DIP Agent on behalf of the DIP Lenders may take such steps from time to time as it may deem necessary or appropriate to file, register, record or perfect the DIP Lenders' Charge or any of the Definitive Documents;

(b)    upon the occurrence of an event of default under any of the Definitive Documents or the DIP Lenders' Charge, the DIP Agent or the DIP Lenders, as applicable, may immediately cease making advances or providing any credit to the Just Energy Entities and shall be permitted to set off and/or consolidate any amounts owing by the DIP Agent or the DIP Lenders to the Just Energy Entities against the obligations of the Just Energy Entities to the DIP Agent and the DIP Lenders under the Definitive Documents or the DIP Lenders' Charge, make demand, accelerate payment and give other notices with respect to the obligations of the Just Energy Entities to the DIP Agent or the DIP Lenders under the Definitive Documents or the DIP Lenders' Charge, or to apply to




16

this Court on five (5) days' notice to the Just Energy Entities, the Monitor and the Service List to seek the Court's authorization to exercise any and all of its other rights and remedies against the Just Energy Entities or the Property under or pursuant to the Definitive Documents and the DIP Lenders' Charge, including without limitation, for the appointment of a receiver, receiver and manager or interim receiver, or for a bankruptcy order against the Just Energy Entities and for the appointment of a trustee in bankruptcy of the Just Energy Entities; and

(c)     the foregoing rights and remedies of the DIP Agent and the DIP Lenders shall be enforceable against any trustee in bankruptcy, interim receiver, receiver or receiver and manager of the Just Energy Entities or the Property.

40.     **THIS COURT ORDERS AND DECLARES** that the DIP Agent, the DIP Lenders and the Qualified Commodity/ISO Suppliers shall be treated as unaffected in any plan of arrangement or compromise filed by the Applicants or any of them under the CCAA, or any proposal filed by the Applicants or any of them under the *Bankruptcy and Insolvency Act* of Canada (the "**BIA**"), with respect to any advances made under the Definitive Documents.

**APPROVAL OF FINANCIAL ADVISOR AGREEMENT**

41.     **THIS COURT ORDERS** that the agreement dated February 20, 2021 engaging BMO Nesbitt Burns Inc. (the "**Financial Advisor**") as financial advisor to the Just Energy Entities and attached as Confidential Appendix "FF" to the Carter Affidavit (the "**Financial Advisor Agreement**"), and the retention of the Financial Advisor under the terms thereof, is hereby ratified and approved and the Just Energy Entities are authorized and directed *nunc pro tunc* to make the payments contemplated thereunder in accordance with the terms and conditions of the Financial Advisor Agreement.

42.     **THIS COURT ORDERS** that the Financial Advisor shall be entitled to the benefit of and is hereby granted a charge (the "**FA Charge**") on the Property, which charge shall not exceed an aggregate amount of C$1,800,000 as security for the fees and disbursements and other amounts payable under the Financial Advisor Agreement, both before and after the making of this Order in respect of these proceedings. The FA Charge shall have the priority set out in paragraphs  43-45 herein.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS _____ DAY OF MARCH 20-21
FAIT A TORONTO LE _____ JOUR DE _____

REGISTRAR                          GREFFIER

I HEREBY ATTEST THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE
DATED AT TORONTO THIS ___ DAY OF _____ 20__

REGISTRAR

JE PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU
JOUR DE _____ 20__

GREFFIER

17

**VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER**

43.      **THIS COURT ORDERS** that the priorities of the Administration Charge, the FA Charge, the Directors' Charge, the DIP Lenders' Charge and the Priority Commodity/ISO Charge, as among them, shall be as follows:

> First – Administration Charge and FA Charge (to the maximum amount of C$2,200,000 and C$1,800,000, respectively), on a *pari passu* basis;
>
> Second – Directors' Charge (to the maximum amount of C$30,000,000); and
>
> Third – DIP Lenders' Charge (to the maximum amount of the Obligations (as defined in the DIP Term Sheet) owing thereunder at the relevant time) and the Priority Commodity/ISO Charge, on a *pari passu* basis.

44.      **THIS COURT ORDERS** that the filing, registration or perfection of the Administration Charge, the FA Charge, the Directors' Charge, the DIP Lenders' Charge or the Priority Commodity/ISO Charge (collectively, the "**Charges**") shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

45.      **THIS COURT ORDERS** that each of the Charges shall constitute a charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person (including those commodity suppliers listed in Schedule "A" hereto), other than any Person with a properly perfected purchase money security interest under the *Personal Property Security Act* (Ontario) or such other applicable legislation that has not been served with notice of this Order.

46.      **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as may be approved by this Court on notice to parties in interest, the Just Energy Entities shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges unless the Just Energy Entities also obtain the prior written consent of the Monitor, the DIP Agent on behalf of the DIP Lenders and the beneficiaries of the Administration Charge, the

FA Charge, the Directors' Charge and the Priority Commodity/ISO Charge, or further Order of this Court.

47.    **THIS COURT ORDERS** that the Charges, the agreements and other documents governing or otherwise relating to the obligations secured by the Charges, and the Definitive Documents shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") and/or the DIP Agent or the DIP Lenders thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan document, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds any of the Just Energy Entities and notwithstanding any provision to the contrary in any Agreement:

(a)    neither the creation of the Charges nor the execution, delivery, perfection, registration or performance of the Definitive Documents shall create or be deemed to constitute a breach by any Just Energy Entity of any Agreement to which it is a party;

(b)    none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the Just Energy Entities entering into the DIP Term Sheet, the creation of the Charges or the execution, delivery or performance of any of the other Definitive Documents; and

(c)    the payments made by the Just Energy Entities pursuant to this Order or the Definitive Documents, and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

48.    **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Just Energy Entities' interest in such real property leases.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO. IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS ___ DAY OF MARCH 20 21
FAIT À TORONTO LE               JOUR DE

REGISTRAR                                    GREFFIER

*[Stamp: THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 9 DAY OF MARCH 20 21

REGISTRAR  V. Magos... GREFFIER*

*JE CERTIFIE / ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

FAIT À TORONTO LE ... JOUR DE ...]*

**SERVICE AND NOTICE**

49.     **THIS COURT ORDERS** that the Monitor shall (i) without delay, publish in The Globe and Mail (National Edition) and the Wall Street Journal a notice containing the information prescribed under the CCAA, (ii) within five days after the date of this Order, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, or cause to be sent, in the prescribed manner or by electronic message to the e-mail addresses as last shown on the records of the Just Energy Entities, a notice to every known creditor who has a claim against the Just Energy Entities of more than $1,000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder, provided that the Monitor shall not make the claims, names and addresses of the individuals who are creditors publicly available.

50.     **THIS COURT ORDERS** that the Monitor shall create, maintain and update as necessary a list of all Persons appearing in person or by counsel in this proceeding (the "**Service List**"). The Monitor shall post the Service List, as may be updated from time to time, on the Monitor's website as part of the public materials to be recorded thereon in relation to this proceeding. Notwithstanding the foregoing, the Monitor shall haven no liability in respect of the accuracy of or the timeliness of making any changes to the Service List.

51.     **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at http://www.ontariocourts.ca//scj/practice/practice-directions/toronto/eservice-commercial/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL - http://cfcanada.fticonsulting.com/justenergy (the "**Monitor's Website**").

52.     **THIS COURT ORDERS** that the Just Energy Entities, the DIP Agent or the DIP Lenders and the Monitor and their respective counsel are at liberty to serve or distribute this Order, any

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS *9TH* DAY OF *MARCH* 20 *21*

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

FAIT A TORONTO LE ___ JOUR DE ___

REGISTRAR          GREFFIER

other materials and orders as may be reasonably required in these proceedings, including any notices, or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal deliver, facsimile or other electronic transmission to the Just Energy Entities' creditors or other interested parties and their advisors and that any such service, distribution or notice shall be deemed to be received: (a) if sent by courier, on the next business day following the date of forwarding thereof, (b) if delivered by personal delivery or facsimile or other electronic transmission, on the day so delivered, and (c) if sent by ordinary mail, on the third business day after mailing. For greater certainty, any such distribution or service shall be deemed to be in satisfaction of a legal or judicial obligation, and notice requirements within the meaning of clause 3(c) of the *Electronic Commerce Protection Regulations*, Reg. 81000-2-175 (SOR/DORS).

**FOREIGN PROCEEDINGS**

53.     **THIS COURT ORDERS** that the Applicant, Just Energy Group Inc. ("**JEGI**") is hereby authorized and empowered, but not required, to act as the foreign representative (in such capacity, the "**Foreign Representative**") in respect of the within proceedings for the purpose of having these proceedings recognized and approved in a jurisdiction outside of Canada.

54.     **THIS COURT ORDERS** that the Foreign Representative is hereby authorized to apply for foreign recognition and approval of these proceedings, as necessary, in any jurisdiction outside of Canada, including in the United States pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

**GENERAL**

55.     **THIS COURT ORDERS** that any interested party that wishes to amend or vary this Order shall be entitled to appear or bring a motion before this Court on a date to be set by this Court upon the granting of this Order (the "**Comeback Date**"), and any such interested party shall give not less than two (2) business days' notice to the Service List and any other party or parties likely to be affected by the Order sought in advance of the Comeback Date; provided, however, that the Chargees, the DIP Agent and the DIP Lenders shall be entitled to rely on this Order as issued and entered and on the Charges and priorities set out in paragraphs 43-45 hereof, including with respect to any fees, expenses and disbursements incurred and in respect of advances made under the Definitive Documents or pursuant to the Qualified Support Agreement, as applicable, until the

21

date this Order may be amended, varied or stayed. For the avoidance of doubt, no payment in respect of any obligations secured by the Priority Commodity/ISO Charge shall be subject to the terms of any intercreditor agreement, including any "turnover" or "waterfall" provision(s) therein.

56.     **THIS COURT ORDERS** that, notwithstanding paragraph 55 of this Order, the Just Energy Entities or the Monitor may from time to time apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of their powers and duties under this Order or in the interpretation or application of this Order.

57.     **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Just Energy Entities, the Business or the Property.

58.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body or agency having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Just Energy Entities, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies and agencies are hereby respectfully requested to make such orders and to provide such assistance to the Just Energy Entities and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to JEGI, in any foreign proceeding, or to assist the Just Energy Entities and the Monitor and their respective agents in carrying out the terms of this Order.

59.     **THIS COURT ORDERS** that each of the Just Energy Entities and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body or agency, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that JEGI is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

60.     **THIS COURT ORDERS** that Confidential Appendices "FF" and "GG" to the Carter Affidavit shall be and are hereby sealed, kept confidential and shall not form part of the public record pending further Order of this Court.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU.

DATED AT TORONTO THIS _____ DAY OF _March_ 20 _21_
FAIT À TORONTO LE                 OUR DE

REGISTRAR                          GREFFIER

61.   **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS _9TH_ DAY OF _MARCH_ 20_21_
FAIT À TORONTO LE _____ JOUR DE _____

REGISTRAR                    GREFFIER

SCHEDULE "A"

JE Partnerships

**Partnerships:**

- JUST ENERGY ONTARIO L.P.

- JUST ENERGY MANITOBA L.P.

- JUST ENERGY (B.C.) LIMITED PARTNERSHIP

- JUST ENERGY QUÉBEC L.P.

- JUST ENERGY TRADING L.P.

- JUST ENERGY ALBERTA L.P.

- JUST GREEN L.P.

- JUST ENERGY PRAIRIES L.P.

- JEBPO SERVICES LLP

- JUST ENERGY TEXAS LP

**Commodity Suppliers:**

- EXELON GENERATION COMPANY, LLC

- BRUCE POWER L.P.

- SOCIÉTÉ GÉNÉRALE

- EDF TRADING NORTH AMERICA, LLC

- NEXTERA ENERGY POWER MARKETING, LLC

- MACQUARIE BANK LIMITED

- MACQUARIE ENERGY CANADA LTD.

- MACQUARIE ENERGY LLC

- MORGAN STANLEY CAPITAL GROUP

LEGAL_1:65800321.17

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS _____ DAY OF _____ 20 __
FAIT À TORONTO LE

REGISTRAR

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

JOUR DE

GREFFIER

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS          DAY OF
FAIT A TORONTO LE                  JOUR DE

REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

GREFFIER

## SCHEDULE "B"

## DEFINITIONS

"**Commodity Agreement**" means a gas supply agreement, electricity supply agreement or other agreement with any Just Energy Entity for the physical or financial purchase, sale, trading or hedging of natural gas, electricity or environmental derivative products.

"**ISO Agreement**" means an agreement pursuant to which a Just Energy Entity has reimbursement obligations to a counterparty for payments made by such counterparty on behalf of such Just Energy Entity to an independent system operator that coordinates, controls and monitors the operation of an electrical power system, and includes all agreements related thereto.

"**Priority Commodity/ISO Obligation**" amounts that are due and payable, at the applicable time, for: (i)(A) the physical supply of electricity or gas that has been delivered on or after March 9, 2021; (B) financial settlements on or after March 9, 2021; and (C) amounts owing under a confirmation or transaction that was executed on or after March 9, 2021 pursuant to a Commodity Agreement as a result of the termination thereof in accordance with the applicable Qualified Support Agreement; and (ii) for services actually delivered by a Qualified Commodity/ISO Supplier on or after March 9, 2021 pursuant to an ISO Agreement (but for greater certainty, excluding any amount owing for ISO services provided under an ISO Agreement on or before the date of this Order, whether or not yet due).

"**Qualified Commodity/ISO Supplier**" means any counterparty to a Commodity Agreement or ISO Agreement as of March 9, 2021 that has executed or executes a Qualfied Support Agreement with a Just Energy Entity and refrained from exercising termination rights under the Commodity Agreement as a result of the commencement of the Proceedings absent an event of default under such Qualfied Support Agreement.

"**Qualified Support Agreement**" means a support agreement between a Just Energy Entity and a counterparty to a Commodity Agreement, in form and substance satisfactory to the Just Energy Entities and the DIP Lenders, acting reasonably, which includes, among other things: (i) that such counterparty shall apply to the Court on five (5) days' notice to the Just Energy Entities, the Monitor and the Service List prior to exercising any termination rights under a Qualified Support Agreement; (ii) the obligation to supply physical and financial power and natural gas and other

related services pursuant to any confirmations or transactions executed pursuant to a Commodity Agreement; and (iii) an agreement to refrain from exercising termination rights as a result of the commencement of the Proceedings absent an event of default under such support agreement.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS _____ DAY OF _____ 20 ___
FAIT A TORONTO LE _____ JOUR DE

REGISTRAR                              GREFFIER

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, C. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF JUST ENERGY GROUP INC., et al
(collectively, the "**Applicants**")

Court File No: CV-21-00658423-00CL

| | |
|---|---|
| | *Ontario*<br>**SUPERIOR COURT OF JUSTICE**<br>**COMMERCIAL LIST** |
| | Proceeding commenced at Toronto |
| | **INITIAL ORDER** |
| | **OSLER, HOSKIN & HARCOURT, LLP**<br>P.O. Box 50, 1 First Canadian Place<br>Toronto, ON M5X 1B8 |
| | Marc Wasserman (LSO# 44066M)<br>Michael De Lellis (LSO# 48038U)<br>Jeremy Dacks (LSO# 41851R) |
| | Tel: (416) 362-2111<br>Fax: (416) 862-6666 |
| | Lawyers for the Applicants |

LEGAL_1:65800321.17