## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| JUST ENERGY GROUP INC., *et al* | ) | Case No. 21-30823 (MI) |
| | ) | |
| Debtors in a Foreign Proceeding,[1] | ) | |
| | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION TO AUTHORIZE AND DIRECT
## TERMINATION OF SUPERSEDEAS BOND

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 25, 2021, at 1:30 p.m. prevailing Central Time in Courtroom 404, 4th floor, 515 Rusk St., Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The identifying four digits of Debtor Just Energy Group Inc.'s local Canada tax identification number are 0469. Due to the large number of debtor entities in these chapter 15 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at www.omniagentsolutions.com/justenergy (the "Omni Webpage"). The location of the Debtors' service address for purposes of these chapter 15 cases is: 100 King Street West, Suite 2360, Toronto, ON, M5X 1E1.

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Just Energy Group Inc., in its capacity as the authorized foreign representative (the "Foreign Representative" or "Just Energy") of the above-captioned debtors (collectively, the "Debtors" or "Just Energy Group") respectfully state as follows in support of this motion:

<u>**Preliminary Statement**</u>

1.      Just Energy seeks entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "Order"), compelling Fidelity and Deposit Company of Maryland to terminate the supersedeas bond posted by Just Energy in a now-completed litigation.

2.      On September 28, 2018, Plaintiffs in the underlying litigation ("Plaintiffs") obtained a judgment against Just Energy in the United States District Court for the Northern District of Ohio for $4,824,717.03 (the "Judgment"), representing an award of damages and for attorneys' fees and costs. Just Energy appealed the Judgment to the Sixth Circuit.  The matter is captioned *Hurt, et al., v. Commerce Energy, Inc., et al.,* Case No. 1:12-CV-00758.

3.      To stay execution of the Judgment during the appeal of the judgment entry to the United States Court of Appeals for the Sixth Circuit, Just Energy posted a bond for $4.9 million (the "Bond") on October 11, 2018, with Fidelity and Deposit Company of Maryland as surety. The Bond is secured by a letter of credit issued by Canadian Imperial Bank of Commerce under the Debtors' prepetition revolving credit facility.

4.      The Bond was increased to $5,250,000 on November 9, 2018 in response to an order of the court.  The Bond was later increased to $5.6 million on October 14, 2020 while Just Energy pursued its petition for writ of certiorari to the United States Supreme Court.

5.      Under the Bond's express terms, Just Energy's obligations are considered void when it "shall satisfy the said judgment in full together with the costs, interest and damages for delay" or if it prevails on its appeal.   A copy of the Bond is attached hereto for the Court's convenience as Exhibit B.

6.      On March 9, 2021, during the pendency of Just Energy's appeal, the Debtors commenced a restructuring proceeding under the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice (the "Canadian Proceeding"). The Canadian Court appointed FTI Consulting Canada, Inc. ("FTI") to serve as the Monitor in the Canadian Proceeding and authorized the Debtors to commence chapter 15 recognition proceedings in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

7.      On April 2, 2021, the Bankruptcy Court entered the *Order Granting Petition for (I) Recognition as Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 82] (the "Recognition Order"), which, among other things, provided that the Canadian Proceedings be granted comity and given full force and effect in the United States and granted to Just Energy, as Foreign Representative, "entrust[ment of] the administration or realization of all or part of the Debtor's assets located in the United States." Recognition Order ¶ 23, 25(a).

8.      After the United States Supreme Court denied Just Energy's petition for writ of certiorari, Just Energy fully paid the amounts owed under the Judgment, including attorneys' fees and costs. A portion of payments made to the underlying plaintiffs were made via checks issued directly from Just Energy, but the majority of payments were issued by Just Energy to a payroll service, ADP, which issued checks to the claimants.  Just Energy also wired the payments for attorneys' fees and costs directly to counsel for Plaintiffs.

9.      The Judgment now fully satisfied, Just Energy requested Plaintiffs agree to termination of the appeal bond, and Plaintiffs refused unless Just Energy acquiesced to a new list of demands far beyond any required under the Bond.

10.      Effectively, Plaintiffs seek to hold the Bond hostage in order to squeeze additional concessions from Just Energy that are not required under the Bond.

11.      As satisfaction of the Judgment rendered the Bond's obligations void, Just Energy now requests this Court enter an Order (in the form attached hereto) compelling Fidelity and Deposit Company of Maryland to terminate the supersedeas bond.

### Jurisdiction and Venue

12.      This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

13.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14.      Just Energy confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. *Wellness Int'l Network, Ltd.* v. *Sharif,* 135 S.Ct. 1932, 1947 (2015).

### Factual Background

15.      On September 28, 2018, Judge James S. Gwin of the United States District Court for the Northern District of Ohio entered the Judgment against Just Energy, holding it liable for unpaid minimum wage and overtime in the amount of $1,889,156.12 and awarding the Plaintiffs $2,718,440.75 in attorney's fees and $217,120.16 in costs. Ex. C.

16.     Just Energy appealed the decision to the Sixth Circuit. In order to stay execution of the Judgment during the appeal, Just Energy posted the Bond for $4.9 million, with Fidelity and Deposit Company of Maryland as surety. *See* Ex. B.  The Bond is secured by a letter of credit issued by Canadian Imperial Bank of Commerce under the Debtors' prepetition revolving credit facility.

17.     Under the Bond's express terms, Just Energy's obligations are deemed void when it "shall satisfy the said judgment in full together with the costs, interest and damages for delay" or if it prevails on its appeal. *Id*.  In November 2018, Just Energy entered into a rider increase with Plaintiffs, increasing the total amount held under the Bond to $5.25 million.

18.     The Sixth Circuit affirmed the Judgment against Just Energy on August 31, 2020.

19.     Just Energy filed a petition for writ of certiorari in the United States Supreme Court on February 2, 2021. In conjunction with Just Energy's petition, the parties entered into a Stipulated Notice to Stay Enforcement of the Mandate and Judgment, under which Plaintiffs agreed to not seek enforcement of the Sixth Circuit's mandate while Just Energy's appeal remained pending in the Supreme Court. Ex. D.  In return, Just Energy agreed to increase the amount held under the Bond to $5.6 million in order to cover the additional attorney's fees and interest associated with its petition. *See* Ex. B.

20.     While Just Energy's cert petition remained pending, on March 9, 2021 Debtors commenced the Canadian Proceeding under the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice (the "Canadian Proceeding"). The Canadian Court appointed FTI Consulting Canada, Inc. ("FTI") to serve as the Monitor in the Canadian Proceeding.

21.     Later in the morning on March 9, 2021, Just Energy Group Inc., as authorized foreign representative, filed a voluntary petition for each of the Debtors under chapter 15 of the United States Bankruptcy Code in this Court.

22.     Just Energy's petition for writ of certiorari was denied by the Supreme Court on June 7, 2021. Its appellate options now exhausted, Just Energy determined to issue checks for the full amount mandated by the Judgment. Specifically, on July 29, 2021, FTI emailed Plaintiffs confirmation that the Monitor had approved and Just Energy had issued payments in the amounts of $3,085,917.94 for attorney's fees, $1,445,256.63 to ADP (Just Energy's payroll service) to satisfy the judgment as to back wages claims, and $653,331.90 paid directly by Just Energy to former employees to satisfy the remaining judgment amount.  The Monitor also approved payment of approximately $415,493.53 in supplemental attorney's fees accrued in litigating Just Energy's appeal. *See* Ex. E.  As of the date hereof, and through no fault of the Debtors, certain of the checks issued by Just Energy remain uncashed.  The Debtors' liquidity position has significantly improved since the filing of these proceedings, and the Debtors are confident they will be able to honor the uncashed checks if and when they ultimately are cashed.[2]

23.     On July 29, 2021, the court-appointed Bankruptcy Monitor e-mailed counsel for the Plaintiffs confirming that the Monitor approved the above-described payments, that the ADP payments had been fully funded, and that the Company has sufficient funds to clear the checks it issued directly. In light of this, the Monitor stated that it was now appropriate to release the $5.6 million dollar appeal bond, and requested Plaintiffs so stipulate upon receipt of the

---

[2]     To the extent any checks are never cashed, the Debtors could be subject to certain state escheatment and related taxing obligations for such unclaimed funds.

supplemental attorneys' fees. Plaintiffs indicated they would refuse to do so unless Just Energy agreed to its list of demands applying restrictions nowhere required under the Bond. *See* Ex. F.

24.     Counsel for Just Energy separately emailed Plaintiffs' counsel, requesting that the parties file a stipulation to release the Bond upon receipt of the supplemental attorneys' fees, but Plaintiffs' counsel again refused unless Just Energy acquiesced to the same list of unreasonable restrictions far beyond the requirements of the Bond that had been requested of the Monitor.

25.     On September 27, 2021, Just Energy wired $415,493.53 USD to Plaintiffs' counsel, fully satisfying the supplemental fees award.

26.     Having fully satisfied the Judgment, Just Energy's obligations under the Bond are now void. Once again, counsel for Just Energy emailed Plaintiffs' counsel, requesting that the parties file a stipulation to release the Bond. *See* Ex. G.  Despite their obligation to do so, the Plaintiffs continued in their refusal, *id*., and the Bond continues to be held by Fidelity and Deposit Company of Maryland and secured by the letter of credit issued by Canadian Imperial Bank of Commerce.

### Relief Requested

27.     Just Energy respectfully requests that the Court order Fidelity and Deposit Company of Maryland to terminate the Bond.

28.     Just Energy has fully satisfied the entirety of its obligations under the Judgment. Accordingly, Just Energy's obligations under the Bond are void.

29.     Despite their obligation to do so, Plaintiffs have refused to release and cancel the Bond.

30.     Plaintiffs' actions preventing cancellation of the bond and release of the bonded funds have caused, and continue to cause, significant harm to Just Energy's estate.  Specifically, in connection with the debtor-in-possession financing facility (the "DIP Facility") entered into by

Just Energy in the Canadian Proceeding (and approved by that court and by this Court in the April 2, 2020 recognition order [Docket No. 82]), the parties to the DIP Facility anticipated that the Bond would have been released weeks ago, resulting in a substantial increase in the liquidity available to Just Energy.  Continuing to maintain the Bond thwarts the expectations of the DIP Facility lenders and other creditors of Just Energy and creates significant stress on Just Energy's ability to avoid a default under its DIP Facility budget and related obligations.

31.     Further, Plaintiff's counsel's assertion in their September 27, 2021 email, *see* Ex. G., that their refusal to release the Bond was warranted because "it is still possible…for [Just Energy] to abscond with the money" is absurd and frankly, impossible.  ***First***, unlike an individual defendant, Just Energy is a public corporation operating in over a dozen states with employees and offices located throughout the United States and Canada; Just Energy cannot simply slip away in the dark of the night.  ***Second***, due to the nature of its business, Just Energy is highly regulated, and it is unlikely that any such move could occur without significant public preparation, including prior government and regulatory approvals.  ***Finally,*** Just Energy is a debtor in not one, but two, very public proceedings: a federal chapter 15 proceeding in the Bankruptcy Court, and a proceeding under the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice.

32.     The Monitor, who, under the Canadian Proceedings, is permitted to act as a trustee in the bankruptcy proceedings, authorized Just Energy to make these payments in accordance with the Judgment. Ex. E.  Such authorization is recognized in the Debtors' chapter 15 proceedings in the Bankruptcy Court via the Recognition Order.  Just Energy does not, however, have authority to otherwise take action outside the ordinary course of business (such as moving its assets and employees in order to thwart a judgment) without the requisite prior notice and approval.  It would

be impossible for a company of Just Energy's size, regulation, and current position of being subject to heightened oversight of not one but two separate judicial systems, to "abscond" with the funds outstanding, which funds only remain outstanding because parties have not yet cashed those checks.

33.     Therefore, pursuant to sections 105 and 363 of the Bankruptcy Code,[3] Just Energy requests that the Court enter the Order substantially in the form annexed hereto as Exhibit A, authorizing and compelling Fidelity and Deposit Company of Maryland to terminate the Bond.

**Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

34.     The Foreign Representative requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Foreign Representative has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Notice**

35.     The Foreign Representative will provide notice of this Motion to:  (a) the Office of the United States Trustee; (b) the United States Attorney's Office for the Southern District of Texas; (c) administrative agent to the Senior Secured Credit Facility and counsel hereto; (d) administrative agent to the Unsecured Term Loan due 2024; (e) the administrative agent to the Subordinated Notes due 2026; (f) the Provisional Relief Parties; (h) all persons or bodies authorized to administer the Canadian Proceedings; (g) counsel to the Plaintiffs; (h) Fidelity and Deposit Company of Maryland; (i) any other parties of which the Foreign Representative becomes aware that are required to receive notice pursuant to Bankruptcy Rule 2002(q); and (j) such other

---

[3]     To the extent that the issuer of the Bond (or the issuer of any backstop bond supporting the Bond) can be construed to be a "custodian" of property of the Debtors' estate, then section 543 of the Bankruptcy Could would provide additional support for the relief sought herein.

entities as this Court may direct satisfies the requirements of Bankruptcy Rule 2002(q).  In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

Houston, Texas
September 29 2021

Respectfully Submitted,

*/s/ Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Genevieve M. Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
                ggraham@jw.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian Schartz, P.C. (TX Bar No. 24099361)
Anna Rotman, P.C. (TX Bar No. 24046761)
609 Main Street
Houston, Texas 77002
Telephone:     (713) 836-3600
Facsimile:      (713) 836-3601
Email:          brian.schartz@kirkland.com
                anna.rotman@kirkland.com

-and-

Neil E. Herman (admitted *pro hac vice*)
Allyson B. Smith (adimtted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:          neil.herman@kirkland.com
                allyson.smith@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on September 29, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh* _____

**Exhibit B**

Bond No. 09300116

IN THE  Northern District of Ohio  COURT OF  Cuyahoga  COUNTY.

Davina Hurt, et al.,

Plaintiff,

vs.

Just Energy Solutions, Inc. fka Commerce Energy, Inc.

Defendant.

Case No.  1:12-cv-758

KNOW ALL MEN BY THESE PRESENTS

Just Energy Solutions, Inc. fka Commerce Energy, Inc.

as principal, and   Fidelity and Deposit Company of Maryland   of

Maryland , as surety, are held and firmly

bound unto   Davina Hurt, et al.

in the sum of

Four Million Nine Hundred Thousand and 00/100 ------------------------------------------------------------------ Dollars

($ 4,900,000.00 ) for the payment of which well and truly to be made, we bind ourselves,

our heirs, executors, administrators, and successors, jointly and severally, firmly by these presents.

The conditions of this obligation is such that whereas

said Defendant

has in the  Northern District of Ohio  Court of  Cuyahoga  County,

CGB257007/0102f

in the above-entitled cause therein pending recovered a judgment against the said

Just Energy Solutions, Inc. fka Commerce Energy, Inc.                    and whereas the above-named

appellant has, according to law, taken an appeal from the said judgment.

NOW, THEREFORE, if the said appellant shall satisfy the said judgment in full together with the costs, interest and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and shall satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may adjudge and award, or if said judgment be set aside, then this obligation shall be void; otherwise to remain in full force and effect.

IN WITNESS WHEREOF, we have hereunto set our hands this <u>8th</u> day of <u>October</u>, <u>2018</u>

Just Energy Solutions, Inc. fka Commerce Energy, Inc.

By: _____

Jim Brown                    CFO

Fidelity and Deposit Company of Maryland

By: _____

B. Alenkin                    , Attorney-in-Fact

in the above-entitled cause therein pending recovered a judgment against the said

Just Energy Solutions, Inc. fka Commerce Energy, Inc.                    and whereas the above-named

appellant has, according to law, taken an appeal from the said judgment.

NOW, THEREFORE, if the said appellant shall satisfy the said judgment in full together with the costs, interest and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and shall satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may adjudge and award, or if said judgment be set aside, then this obligation shall be void; otherwise to remain in full force and effect.

IN WITNESS WHEREOF, we have hereunto set our hands this 8th day of October , 2018

Just Energy Solutions, Inc. fka Commerce Energy, Inc.

By: _____

Jim Brown                    CFO

Fidelity and Deposit Company of Maryland

By: _____

B. Alenkin                    , Attorney-in-Fact

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____ Los Angeles _____

On _____ OCT 08 2018 _____ before me, _____ D. Casillas, Notary Public, personally appeared _____ B. Aleman _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

D. CASILLAS
COMM. #2162364
Notary Public - California
Los Angeles County
My Comm. Expires Aug. 11, 2020

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

**D. Casillas**   Signature of Notary Public

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
**POWER OF ATTORNEY**

KNOW ALL MEN BY THESE PRESENTS: That the ZURICH AMERICAN INSURANCE COMPANY, a corporation of the State of New York, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a corporation of the State of Maryland, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND a corporation of the State of Maryland (herein collectively called the "Companies"), by **MICHAEL BOND, Vice President,** in pursuance of authority granted by Article V, Section 8, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, do hereby nominate, constitute, and appoint **B. ALEMAN, of Los Angeles, California,** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings,** and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the ZURICH AMERICAN INSURANCE COMPANY at its office in New York, New York., the regularly elected officers of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at its office in Owings Mills, Maryland., and the regularly elected officers of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at its office in Owings Mills,  Maryland., in their own proper persons.

The said Vice President does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article V, Section 8, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President has hereunto subscribed his/her names and affixed the Corporate Seals of the said **ZURICH AMERICAN INSURANCE COMPANY, COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** this 3rd day of May, A.D. 2018.

**ATTEST:**

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

  

By:

*Assistant Secretary*
*Joshua Lecker*

*Vice President*
*Michael Bond*

**State of** Maryland
County of Baltimore
On this 3rd day of May, A.D. 2018, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, **MICHAEL BOND, Vice President, and JOSHUA LECKER, Assistant Secretary,** of the Companies, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and acknowledged the execution of same, and being by me duly sworn, deposeth and saith, that he/she is the said officer of the Company aforesaid, and that the seals affixed to the preceding instrument are the Corporate Seals of said Companies, and that the said Corporate Seals and the signature as such officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

Constance A. Dunn, Notary Public
My Commission Expires: July 9, 2019

POA-F 012-3265Z

## EXTRACT FROM BY-LAWS OF THE COMPANIES

"Article V, Section 8, Attorneys-in-Fact. The Chief Executive Officer, the President, or any Executive Vice President or Vice President may, by written instrument under the attested corporate seal, appoint attorneys-in-fact with authority to execute bonds, policies, recognizances, stipulations, undertakings, or other like instruments on behalf of the Company, and may authorize any officer or any such attorney-in-fact to affix the corporate seal thereto; and may with or without cause modify of revoke any such appointment or authority at any time."

### CERTIFICATE

I, the undersigned, Vice President of the ZURICH AMERICAN INSURANCE COMPANY, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that Article V, Section 8, of the By-Laws of the Companies is still in force.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the ZURICH AMERICAN INSURANCE COMPANY at a meeting duly called and held on the 15th day of December 1998.

RESOLVED: "That the signature of the President or a Vice President and the attesting signature of a Secretary or an Assistant Secretary and the Seal of the Company may be affixed by facsimile on any Power of Attorney...Any such Power or any certificate thereof bearing such facsimile signature and seal shall be valid and binding on the Company."

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at a meeting duly called and held on the 5th day of May, 1994, and the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seals of the said Companies, this _____ day of __OCT 0 8 2010__. 20____.



David McVicker, Vice President

**TO REPORT A CLAIM WITH REGARD TO A SURETY BOND, PLEASE SUBMIT ALL REQUIRED INFORMATION TO:**

Zurich American Insurance Co.
Attn: Surety Claims
1299 Zurich Way
Schaumburg, IL 60196-1056

# RIDER

To be attached to and form part of:

| | |
|---|---|
| Bond Number | 09300116 |
| dated | 10/8/2018 |

| | |
|---|---|
| issued by the | FIDELITY AND DEPOSIT COMPANY OF MARYLAND |
| in the amount of | $4,900,000.00 |

| | |
|---|---|
| on behalf of | JUST ENERGY SOLUTIONS INC. FKA COMMERCE ENERGY INC. (Principal) |

| | |
|---|---|
| and in favor of | DAVINA HURT, ET AL. (Obligee) |

Now therefore, it is agreed that in consideration of the premium charged, the attached bond shall be amended as follows:

**The bond amount shall be amended:**

**FROM:**     **Four Million Nine Hundred Thousand and 00/10 ($4,900,000.00)**

**TO:**     **Five Million Two Hundred Fifty Thousand and 00/100 ($5,250,000.00)**

It is further understood and agreed that all other terms and conditions of this bond shall remain unchanged.

This Rider is to be Effective  this 6th day of November, 2018.

Signed, Sealed & Dated this  6th day of  November, 2018.

JUST ENERGY SOLUTIONS INC. FKA COMMERCE ENERGY INC.
(Principal)

By: _____

FIDELITY AND DEPOSIT COMPANY OF MARYLAND
(Surety)

By: _____
B. Aleman, Attorney-in-Fact

## R I D E R

To be attached to and form part of:

Bond Number     09300116
dated            10/8/2018

issued by the     FIDELITY AND DEPOSIT COMPANY OF MARYLAND
in the amount of    $4,900,000.00

on behalf of      JUST ENERGY SOLUTIONS INC. FKA COMMERCE ENERGY INC.
                   (Principal)

and in favor of    DAVINA HURT, ET AL.
                   (Obligee)

Now therefore, it is agreed that in consideration of the premium charged, the attached bond shall be amended as follows:

       **The bond amount shall be amended:**

       **FROM:**     **Four Million Nine Hundred Thousand and 00/10 ($4,900,000.00)**

       **TO:**        **Five Million Two Hundred Fifty Thousand and 00/100 ($5,250,000.00)**

It is further understood and agreed that all other terms and conditions of this bond shall remain unchanged.

This Rider is to be Effective  this 6th day of November, 2018.

Signed, Sealed & Dated this  6th day of  November, 2018.

JUST ENERGY SOLUTIONS INC. FKA COMMERCE ENERGY INC.
(Principal)

By: _____

FIDELITY AND DEPOSIT COMPANY OF MARYLAND
(Surety)

By: _____
    B. Aleman, Attorney-in-Fact

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of <u>Los Angeles</u>

On **NOV 0 6 2018** _____ before me, ___<u>Marina Tapia,</u>___ <u>Notary Public,</u> personally appeared <u>B. Aleman</u> who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Marina Tapia, Signature of Notary Public



MARINA TAPIA
COMM. #2167001
Notary Public - California
Los Angeles County
My Comm. Expires Oct. 7, 2020

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
**POWER OF ATTORNEY**

KNOW ALL MEN BY THESE PRESENTS: That the ZURICH AMERICAN INSURANCE COMPANY, a corporation of the State of New York, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a corporation of the State of Maryland, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND a corporation of the State of Maryland (herein collectively called the "Companies"), by **MICHAEL BOND, Vice President,** in pursuance of authority granted by Article V, Section 8, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, do hereby nominate, constitute, and appoint **B. ALEMAN, of Los Angeles, California,**  its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings,** and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the ZURICH AMERICAN INSURANCE COMPANY at its office in New York, New York., the regularly elected officers of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at its office in Owings Mills, Maryland., and the regularly elected officers of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at its office in Owings Mills,  Maryland., in their own proper persons.

The said Vice President does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article V, Section 8, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President has hereunto subscribed his/her names and affixed the Corporate Seals of the said **ZURICH AMERICAN INSURANCE COMPANY, COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** this 3rd day of May, A.D. 2018.

**ATTEST:**

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

  

By:

*Assistant Secretary*
*Joshua Lecker*

*Vice President*
*Michael Bond*

**State of** Maryland
County of Baltimore

On this 3rd day of May, A.D. 2018, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, **MICHAEL BOND, Vice President, and JOSHUA LECKER, Assistant Secretary,** of the Companies, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and acknowledged the execution of same, and being by me duly sworn, deposeth and saith, that he/she is the said officer of the Company aforesaid, and that the seals affixed to the preceding instrument are the Corporate Seals of said Companies, and that the said Corporate Seals and the signature as such officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

Constance A. Dunn, Notary Public
My Commission Expires: July 9, 2019

## EXTRACT FROM BY-LAWS OF THE COMPANIES

"Article V, Section 8, <u>Attorneys-in-Fact</u>. The Chief Executive Officer, the President, or any Executive Vice President or Vice President may, by written instrument under the attested corporate seal, appoint attorneys-in-fact with authority to execute bonds, policies, recognizances, stipulations, undertakings, or other like instruments on behalf of the Company, and may authorize any officer or any such attorney-in-fact to affix the corporate seal thereto; and may with or without cause modify of revoke any such appointment or authority at any time."

## CERTIFICATE

I, the undersigned, Vice President of the ZURICH AMERICAN INSURANCE COMPANY, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that Article V, Section 8, of the By-Laws of the Companies is still in force.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the ZURICH AMERICAN INSURANCE COMPANY at a meeting duly called and held on the 15th day of December 1998.

RESOLVED: "That the signature of the President or a Vice President and the attesting signature of a Secretary or an Assistant Secretary and the Seal of the Company may be affixed by facsimile on any Power of Attorney...Any such Power or any certificate thereof bearing such facsimile signature and seal shall be valid and binding on the Company."

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at a meeting duly called and held on the 5th day of May, 1994, and the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seals of the said Companies, this ____ day of **NOV 0 6 2018**, 20____.

  

David McVicker, Vice President

**TO REPORT A CLAIM WITH REGARD TO A SURETY BOND, PLEASE SUBMIT ALL REQUIRED INFORMATION TO:**

Zurich American Insurance Co.
Attn: Surety Claims
1299 Zurich Way
Schaumburg, IL 60196-1056

### RIDER

To be attached to and form part of:

Bond Number       09300116

dated       October 8, 2018

issued by the       FIDELITY AND DEPOSIT COMPANY OF MARYLAND

in the amount of       $4,900,000.00

on behalf of       JUST ENERGY SOLUTIONS INC. FKA COMMERCE ENERGY INC.
                         (Principal)

and in favor of       DAVINA HURT, ET AL.
                         (Obligee)

Now therefore, it is agreed that in consideration of the premium charged, the attached bond shall be amended as follows:

                 The **Bond Amount** shall be amended:


                 **FROM: Five Million Two Hundred Fifty Thousand and 00/100 Dollars
                        ($5,250,000.00)**


                 **TO:  Five Million Six Hundred Thousand and 00/100 Dollars ($5,600,000.00)**


It is further understood and agreed that all other terms and conditions of this bond shall remain unchanged.


This Rider is to be Effective  this 13th day of October, 2020.

Signed, Sealed & Dated this  13th day of  October, 2020.


JUST ENERGY SOLUTIONS INC. FKA COMMERCE ENERGY INC.
(Principal)


By: _____


FIDELITY AND DEPOSIT COMPANY OF MARYLAND
(Surety)

By: _____
     Edward C. Spector, Attorney-in-Fact

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____ Los Angeles _____

On ___ OCT 1 3 2020 _____ before me, _Ethan Spector, Notary Public_, personally appeared _____ Edward C. Spector _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ETHAN SPECTOR
Notary Public - California
Los Angeles County
Commission # 2308417
My Comm. Expires Oct 11, 2023

Signature _____

Signature of Notary Public

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
**POWER OF ATTORNEY**

KNOW ALL MEN BY THESE PRESENTS: That the ZURICH AMERICAN INSURANCE COMPANY, a corporation of the State of New York, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a corporation of the State of Illinois, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND a corporation of the State of Illinois (herein collectively called the "Companies"), by **Robert D. Murray, Vice President**, in pursuance of authority granted by Article V, Section 8, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, do hereby nominate, constitute, and appoint **B. Aleman, Tracy Aston, Tom Branigan, Simone Gerhard, Rosa E. Rivas, Edward C. Spector, Marina Tapia, Nathan Varnold, Donna Garcia and KD Wapato, all of Los Angeles, California, EACH,** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed:  **any and all  bonds and undertakings,** and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the ZURICH AMERICAN INSURANCE COMPANY at its office in New York, New York., the regularly elected officers of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at its office in Owings Mills, Maryland., and the regularly elected officers of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at its office in Owings Mills, Maryland., in their own proper persons.

The said Vice President does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article V, Section 8, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President has hereunto subscribed his/her names and affixed the Corporate Seals of the said **ZURICH AMERICAN INSURANCE COMPANY, COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** this 6th day of March, A.D. 2019.

  

**ATTEST:**
**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

By:  Robert D. Murray
      Vice President

By:  Dawn E. Brown
      Secretary

**State of Maryland**
**County of Baltimore**

On this 6th day of March,  A.D. 2019,  before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, **Robert D. Murray, Vice President and Dawn E. Brown, Secretary** of the Companies, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and acknowledged the execution of same, and being by me duly sworn, deposeth and saith, that he/she is the said officer of the Company aforesaid, and that the seals affixed to the preceding instrument are the Corporate Seals of said Companies, and that the said Corporate Seals and the signature as such officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

Constance A. Dunn, Notary Public
My Commission Expires: July 9, 2019

## EXTRACT FROM BY-LAWS OF THE COMPANIES

"Article V, Section 8, Attorneys-in-Fact. The Chief Executive Officer, the President, or any Executive Vice President or Vice President may, by written instrument under the attested corporate seal, appoint attorneys-in-fact with authority to execute bonds, policies, recognizances, stipulations, undertakings, or other like instruments on behalf of the Company, and may authorize any officer or any such attorney-in-fact to affix the corporate seal thereto; and may with or without cause modify of revoke any such appointment or authority at any time."

## CERTIFICATE

I, the undersigned, Secretary of the ZURICH AMERICAN INSURANCE COMPANY, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that Article V, Section 8, of the By-Laws of the Companies is still in force.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the ZURICH AMERICAN INSURANCE COMPANY at a meeting duly called and held on the 15th day of December 1998.

RESOLVED: "That the signature of the President or a Vice President and the attesting signature of a Secretary or an Assistant Secretary and the Seal of the Company may be affixed by facsimile on any Power of Attorney...Any such Power or any certificate thereof bearing such facsimile signature and seal shall be valid and binding on the Company."

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at a meeting duly called and held on the 5th day of May, 1994, and the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seals of the said Companies, this _____ day of OCT 1 3 2020 .

  

Brian M Hodges

_____
By:      Brian M. Hodges
         Vice President

**TO REPORT A CLAIM WITH REGARD TO A SURETY BOND, PLEASE SUBMIT A COMPLETE DESCRIPTION OF THE CLAIM INCLUDING THE PRINCIPAL ON THE BOND, THE BOND NUMBER, AND YOUR CONTACT INFORMATION TO:**

Zurich Surety Claims
1299 Zurich Way
Schaumburg, IL 60196-1056
www.reportsfclaims@zurichna.com
800-626-4577

**Exhibit C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| DAVINA HURT, *et al.*, | : | |
| | : | Case No. 1:12-cv-758 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | JUDGMENT |
| | : | |
| COMMERCE ENERGY, INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

A jury found Defendants liable to Plaintiffs for unpaid minimum wage and overtime under the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act.[1] A survey process, a series of stipulations, and a bench trial before Magistrate Judge Baughman determined damages in this case. The parties have jointly submitted documentation which reflects Plaintiffs' damages.[2]

The Court has issued its opinions in the above-captioned case. For the reasons stated in those opinions, the Court issues the following findings and orders:

1. The Court enters judgment for each Plaintiff in the amounts set forth in Exhibit A of Doc. 935.[3] The amounts for Plaintiffs who are part of the Fair Labor Standards Act collective action include liquidated damages, as per this Court's previous order.[4]

2. The Court dismisses the Plaintiffs identified by Exhibit B of Doc. 935[5] by the agreement of the parties because they performed work outside the statute of limitations, they did not work any overtime, or they turned in their damages survey after the time allowed by the Court. Accordingly, they are not entitled to any damages

---

[1] Doc. 808.
[2] Doc. 935-2.
[3] Doc. 935-2.
[4] Doc. 867.
[5] Doc. 935-3.

Case No. 1:12-cv-758
Gwin, J.

in this action.

3. The Court dismisses Plaintiff Robert Ross' claim because Magistrate Judge Baughman determined he worked zero weeks within his statute of limitations period and, therefore, he is not entitled to any damages.[6]

4. The Court dismissed with prejudice the claims of Walter Addie and Joshua Addie because they failed to appear at trial. Accordingly, they are entitled to no damages.

5. The Court finds that Plaintiffs Brent Accord, Jonathon Wolfe, Terrence Byrd, and Chad Chappie worked as Assistant Regional Distributors and/or Regional Distributors for all and/or part of the class period. Magistrate Judge Baughman determined that these Plaintiffs did not meet the class definition of having "the job of going door-to-door for Just Energy"[7] while they were Regional Distributors or Assistant Regional Distributors. Magistrate Judge Baughman thus declined to award them any compensable weeks while they worked in these roles.[8] Accordingly, Plaintiffs Accord, Wolfe, Chappie and Byrd are not members of the Rule 23 class or the FLSA collective action during times they were Assistant Regional Distributors or Regional Distributors.

6. The Court dismisses any other individual Rule 23 class members and FLSA opt-in Plaintiffs not reflected in this Opinion, Exhibit A of Doc. 935,[9] or Exhibit B of Doc. 935[10] as those individuals failed to respond to the damages survey and/or participate at the damages hearings. They are thus not entitled to any damages in this action.

7. The Court awards Plaintiffs $2,718,440.75 in attorney's fees and $217,120.16 in costs.

8. This Court orders incentive awards, to be paid from the awarded attorney's fees, for

---

[6] Doc. 928-1.
[7] Doc. 887.
[8] Doc. 928-1.
[9] Doc. 935-2.
[10] Doc. 935-3.

Case No. 1:12-cv-758
Gwin, J.

named Plaintiffs Davina Hurt and Dominic Hill in the amount of $5,000 each.

9. The Court orders incentive awards, to be paid from the awarded attorney's fees, for

Plaintiffs Tyelynn White, Candice Avery, Bruce Abbott, Tierra Coleman, Cindy

Coreus, Robin Lewis, Mark Ebbers, Jessica Huber, Willie Stephens, William Hodge,

Brandy Rivas, John Davis, Michael Norman Pfauth, Naddia Bazar, Stayce Fitzpatrick,

Phillip Scott, Kimberly Starks, Denise Williams, Wayne Dancie, Jr., Jenelle Riley, and

Briana Purnell in the amount of $2,500 each.

Based on the foregoing, the Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor

of Plaintiffs in accordance with this Opinion.

Accordingly, this action is terminated under Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Dated: September 28, 2018                           *s/        James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

**Exhibit D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DAVINA HURT, et al.,      :
                                    :

      Plaintiff,        :
                                    :     Case No. 1:12-CV-00758

      v.                 :
                                    :     Judge James S. Gwin

COMMERCE ENERGY, INC., et al.,    :
                                    :

      Defendants.      :
                                    :

## <u>STIPULATED NOTICE TO STAY ENFORCEMENT OF MANDATE AND JUDGMENT</u>

Defendants Just Energy Group, Inc., Just Energy Marketing Corporation and Commerce Energy, Inc. ("Defendants" or "Just Energy"), and Plaintiffs Davina Hurt and Dominic Hill, on behalf of themselves and those similarly situated ("Plaintiffs") (collectively, "the Parties"), through their counsel, hereby give notice of their stipulation to stay efforts to enforce the mandate issued by the United States Court of Appeals for the Sixth Circuit on October 8, 2020 (Doc. 974) and the judgment in this case.  The Parties have stipulated to stay enforcement to allow Defendants to file a Petition for a Writ of Certiorari with the United States Supreme Court.

As part of this stipulated notice staying efforts to enforce the mandate and judgment, the Parties have agreed to the following terms:

    1.   Plaintiffs will not seek to enforce the mandate of the United States Court of Appeals for the Sixth Circuit or the Judgment of this Court until such a time as the United States Supreme Court denies Defendants' Petition for Writ of Certiorari or issues an order affirming the judgment of this Court;

2. Should the United States Supreme Court deny Defendants' Petition for a Writ of Certiorari, Defendants will make payments, in full, of the judgment as specified and ordered by this Court on September 28, 2018 (Doc. 960), with interest, within fourteen (14) days of an order from the United States Supreme Court denying Defendants' Petition;

3. Should the United States Supreme Court deny Defendants' Petition, the Parties agree that Plaintiffs shall file their motion for supplemental attorney fees within fourteen (14) days of said denial (or if the petition is accepted, within fourteen (14) days of affirmance of the Judgment). The parties mutually waive the right to appeal any supplemental attorneys' fee award ordered by this Court for fees incurred for legal work post Plaintiff's previously filed Motion for Attorney fees, including work related to the appeal of this case to the United States Court of Appeals for the Sixth Circuit; briefing Defendants' Petition; and work on the merits (if the Petition is accepted and the judgment affirmed). Any fee award shall be paid within fourteen (14) days of this Court's order; and

4. Defendants will supplement the supersedeas bond from the $5,250,000.00 ordered by this Court on November 5, 2018 (Doc. 966), and currently in place by $350,000.00, for a total of $5,600,000.00. If the United States Supreme Court grants Defendants' Petition for Writ of Certiorari, Defendants agree to keep the supersedeas bond in place through any final order of the United States Supreme Court.

5. For purposes of the stipulation filed by the parties in the related case of *McLeod v. Just Energy Marketing Corp*, Case No. 1:15-CV-00368, the Sixth Circuit's

decision shall not be deemed "final" until the United States Supreme Court has denied Defendants' Petition for a Writ of Certiorari or the Sixth Circuit's decision is affirmed by the United States Supreme Court.

This joint notice of stay of efforts to enforce the mandate and judgment will remain in effect until the United States Supreme Court denies Defendants' Petition for Writ of Certiorari or issues any other final order disposing of this case.

| | |
|---|---|
| */s/ Nicole T. Fiorelli (per consent)* | */s/ Shannon K. Patton* |
| Nicole T. Fiorelli (0079204) | Shannon K. Patton (0069407) |
| Frank A. Bartela (0088128) | Edward H. Chyun (0076880) |
| Dworken & Bernstein Co., L.P.A. | Alex R. Frondorf (0087071) |
| 60 South Park Place | LITTLER MENDELSON, P.C. |
| Painesville, OH 44077 | 1100 Superior Avenue, 20th Floor |
| (440) 352-3391 | Cleveland, OH 44114 |
| (440) 352-3469 (Facsimile) | (216) 696-7600 |
| nfiorelli@dworkenlaw.com | (216) 696-2038 (Facsimile) |
| fbartela@dworkenlaw.com | spatton@littler.com |
| | echyun@littler.com |
| Attorneys for Plaintiffs | afrondorf@littler.com |
| | |
| | Bradley A. Sherman (0063906) |
| | SHERMAN BOSEMAN LEGAL GROUP, LLC |
| | 800 West St. Clair Avenue, 4th Floor |
| | Cleveland, OH 44114 |
| | (216) 239-1414 |
| | (216) 239-1316 (Facsimile) |
| | Bradley@shermanboseman.com |
| | |
| | Attorneys for Defendants |

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, the foregoing *Stipulated Notice to Stay Enforcement of Mandate and Judgment* was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Shannon K. Patton*
One of the Attorneys for Defendants

4818-6679-5982.1 071198.1001

**Exhibit E**

**From:** Bishop, Paul [mailto:Paul.Bishop@fticonsulting.com]
**Sent:** Thursday, July 29, 2021 2:56 PM
**To:** Nicole T. Fiorelli <nfiorelli@dworkenlaw.com>
**Cc:** jdavids@justenergy.com; spatton@littler.com
**Subject:** Just Energy

> **[EXTERNAL EMAIL]** This message originated outside of the company. Do not click links or open attachments unless you recognize the sender's email address and you are expecting the email and know the content is safe.

Dear Ms. Fiorelli,

Re Case 1:12-cv-00758-JG Hurt, et al v. Commerce Energy, Inc., et al Order

We confirm that the Monitor has approved the following payments in respect of the above noted case and that payments 1 to 3 have been issued.

1. USD $3,085,917.94 paid by wire to plaintiffs' counsel;
2. USD $1,445,256.63 paid to ADP for the back wages claims paid via ADP cheque;
3. USD $653,331.90 paid by Just Energy cheques to former employees in respect of the settlement amount; and
4. USD $415,000 (plus accrued interest if any) in respect of legal costs.

The company has informed us that you are concerned about possible liability in respect of items 2 and 3, the payments made by cheque. In that regard we confirm that the ADP cheques have been fully funded, that the Company has sufficient funds to clear the cheques it has issued and that the Company's cash flow forecasts indicate that it will continue to have sufficient funds to clear the settlement cheques as they are presented. Inevitably in these circumstances, some payees may not present cheques for payment on a timely basis or may not receive their cheques due to out of date or incorrect mailing details. The company has advised us that it will use best efforts to trace the recipients of returned or uncashed cheques. However, it is possible that some cheques payable to the former employees in respect items 2 and 3 may be outstanding when the company exits the CCAA proceedings. Accordingly, we confirm that the Monitor will work with the Company at that time to ensure that the payment of outstanding settlement and back wage cheques are addressed, if applicable, in any plan of arrangement or other exit mechanism and will be happy to discuss this

matter further with you at that time.

We are also informed by the Company that you are questioning the release of the $5.6 million dollar bond posted to guarantee payment of amounts due to plaintiffs and counsel. With respect, in our view this is inappropriate given that all payments other than the amount due in respect of legal costs have been made. As noted above we will work with the company to address possible liabilities arising from uncashed cheques and accordingly request that you stipulate to the release of the above noted bond on receipt of amounts due in respect of legal costs.

Please do not hesitate to contact me if you have any questions regarding this matter

Regards

Paul Bishop


**Confidentiality Notice:**
This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and then delete this copy and the reply from your system. Thank you for your cooperation.

**<u>Exhibit F</u>**

**From:** Nicole T. Fiorelli <nfiorelli@dworkenlaw.com>
**Sent:** Friday, July 30, 2021 3:13 PM
**To:** Bishop, Paul <Paul.Bishop@fticonsulting.com>
**Cc:** Jonah Davids <JDavids@justenergy.com>; spatton@littler.com
**Subject:** RE: Just Energy

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Bishop,

Thank you for your email.

First, we cannot agree to anything until our supplemental fees have been paid. We also need to resolve the issue that multiple class members are unable to cash their Just Energy checks (there haven't been any problems with the ADP checks to date). Shannon is aware of this problem.

Once these items are resolved, as part of any agreement on our end to release the bond, we will need a stipulation signed by the Court, with the following terms:

1. ADP to agree to hold funds for back wages claims (collectively $1,445,256.63) in its account until such time as the Court makes an order concerning the disposition of any unclaimed funds. (*We will need something from ADP in writing confirming this*).
2. Just Energy to hold funds for liquidated damages claims (collectively $653,331.90) in a designated account until  such time as the Court makes an order concerning the disposition of any unclaimed funds.
3. For the next six months, until February 1, 2022, Just Energy and their counsel shall continue to work in good faith with Plaintiffs' counsel regarding payment issues, locating class members, etc.
4. On February 1, 2022, Just Energy shall make a reporting to the Court regarding checks that have been cashed, which checks are still outstanding, which checks have been returned, and what efforts have been made to locate individuals whom did not cash their checks.
5. The parties shall, at this time, likewise propose a plan to the Court about how to proceed with the unclaimed funds. In no event, shall the funds revert to Defendants. ADP expressly agrees that in no event shall it return any funds to Defendants. (*We will need something from ADP in writing confirming this*).
6. The Court retains jurisdiction over matters relating to payments to the class members and disposition of the funds described in paragraphs 1 and 2.
7. If Defendants violate the terms of the stipulation, they shall be in contempt in Court and be liable to Plaintiffs' counsel for attorneys' fees for any efforts that must be undertaken to ensure payments to class members.
8. Plaintiffs agree to release the bond solely with approval for the Court of these terms. If the

Court does not approve the terms, Plaintiffs' agreement to release the bond is null and void.

I'm available to discuss this further next week. Please let me know.

Nicole

---

**From:** Bishop, Paul [mailto:Paul.Bishop@fticonsulting.com]
**Sent:** Thursday, July 29, 2021 2:56 PM
**To:** Nicole T. Fiorelli <nfiorelli@dworkenlaw.com>
**Cc:** jdavids@justenergy.com; spatton@littler.com
**Subject:** Just Energy

**[EXTERNAL EMAIL]** This message originated outside of the company. Do not click links or open attachments unless you recognize the sender's email address and you are expecting the email and know the content is safe.

Dear Ms. Fiorelli,

Re Case 1:12-cv-00758-JG Hurt, et al v. Commerce Energy, Inc., et al Order

We confirm that the Monitor has approved the following payments in respect of the above noted case and that payments 1 to 3 have been issued.

1. USD $3,085,917.94 paid by wire to plaintiffs' counsel;
2. USD $1,445,256.63 paid to ADP for the back wages claims paid via ADP cheque;
3. USD $653,331.90 paid by Just Energy cheques to former employees in respect of the settlement amount; and
4. USD $415,000 (plus accrued interest if any) in respect of legal costs.

The company has informed us that you are concerned about possible liability in respect of items 2 and 3, the payments made by cheque. In that regard we confirm that the ADP cheques have been fully funded, that the Company has sufficient funds to clear the cheques it has issued and that the Company's cash flow forecasts indicate that it will continue to have sufficient funds to clear the settlement cheques as they are presented. Inevitably in these circumstances, some payees may not present cheques for payment on a timely basis or may not receive their cheques due to out of date or incorrect mailing details. The company has advised us that it will use best efforts to trace the recipients of returned or uncashed cheques. However, it is possible that some cheques payable to the former employees in respect items 2 and 3 may be outstanding when the company exits the CCAA proceedings. Accordingly, we confirm that the Monitor will work with the Company at that time to ensure that the payment of outstanding settlement and back wage cheques are addressed, if applicable, in any plan of arrangement or other exit mechanism and will be happy to discuss this

matter further with you at that time.

We are also informed by the Company that you are questioning the release of the $5.6 million dollar bond posted to guarantee payment of amounts due to plaintiffs and counsel. With respect, in our view this is inappropriate given that all payments other than the amount due in respect of legal costs have been made. As noted above we will work with the company to address possible liabilities arising from uncashed cheques and accordingly request that you stipulate to the release of the above noted bond on receipt of amounts due in respect of legal costs.

Please do not hesitate to contact me if you have any questions regarding this matter

Regards

Paul Bishop

**Confidentiality Notice:**
This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and then delete this copy and the reply from your system. Thank you for your cooperation.

**Exhibit G**

| | |
|---|---|
| **From:** | Nicole T. Fiorelli |
| **To:** | Rotman, Anna G. |
| **Cc:** | Patton, Shannon K. |
| **Subject:** | RE: Hurt |
| **Date:** | Monday, September 27, 2021 5:37:40 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |



Anna:

We received the wire this afternoon.

I know this payment, as well as the previous payments (original fee award and checks to class members), were made with permission from the court monitor. Can you please identify the court order that allowed payments in this manner?

Assuming the payments were authorized by court order, we are willing to release the bond as to the amount already paid **and cashed**, but will need to keep it in place as to any amounts uncashed by the class members, which as of August 10, 2021 was $1,414,503.93. We are willing to further reduce the bond on a monthly basis, to account for further payments that are cashed. When the checks expire in January 2022, we would like (with Judge Gwin's approval) the remaining balance to be paid to us to keep in our firm's IOLTA account, so we may continue to attempt to locate class members. At this point, when the balance is transferred to us, we will release the bond in full.

We believe our position is appropriate given that a transfer by check does not occur under the UCC until it is honored (see *Barnhill v. Johnson*, 503 U.S. 393 (1992)), and courts have also declined to release the bond when it is still possible (as it is here) for the defendant to abscond with the money. See e.g. *Lester v. Percudani*, 2013 WL 6328452 (M.D. Pa. 2013).

Thank you.
Nicole

---

**From:** Rotman, Anna G. [mailto:anna.rotman@kirkland.com]
**Sent:** Monday, September 27, 2021 3:23 PM
**To:** Nicole T. Fiorelli <nfiorelli@dworkenlaw.com>
**Cc:** Patton, Shannon K. <SPatton@littler.com>
**Subject:** RE: Hurt

**[EXTERNAL EMAIL]** This message originated outside of the company. Do not click links or open attachments unless you recognize the sender's email address and you are expecting the email and know the content is safe.

Nicole:  Following-up on my email below, the wire confirmation is attached.  We look forward to hearing from you.

Best,
Anna

**Anna Rotman, P.C.**
------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
609 Main, Suite 4600, Houston, TX 77002
**T** +1 713-836-3750  **M** +1 832-722-4151
**F** +1 713 836 3601

------------------------------------------------------------
anna.rotman@kirkland.com

---

**From:** Rotman, Anna G.
**Sent:** Monday, September 27, 2021 11:26 AM
**To:** 'Nicole T. Fiorelli' <nfiorelli@dworkenlaw.com>
**Cc:** 'Patton, Shannon K.' <SPatton@littler.com>
**Subject:** RE: Hurt

Nicole:  Be advised that Just Energy is wiring $415,493.53 USD to your firm this afternoon, satisfying in full the supplemental attorneys' fees awarded in the *Devina Hurt* matter. Just Energy has satisfied the judgment against it in full, and its obligations under the supersedeas bond are now void. I write to request that you agree to file a joint stipulation to terminate the bond upon receipt of the aforementioned amounts.

Please let us know by no later than 5 PM ET tomorrow, September 28, 2021, whether you intend to agree to stipulate to the termination of the bond.  At that time, or should you refuse to stipulate to the bond's termination, Just Energy will ask the bankruptcy court to compel termination of the bond.

Please let me know if you would like to discuss this further.

Best,
Anna

**Anna Rotman, P.C.**
------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
609 Main, Suite 4600, Houston, TX 77002
**T** +1 713-836-3750  **M** +1 832-722-4151
**F** +1 713 836 3601

------------------------------------------------------------
anna.rotman@kirkland.com